UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

2010 APR -0 1 P 3:55

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

THIAMOND KING,

        Plaintiff,

v.                           Case No. 3:10-cv-298-J-20MCR

FLORIDA STATE PRISON,

        Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a letter with the Office of the Clerk. Plaintiff complains about the conditions of confinement at Florida State Prison. He claims that "there has been the use of holograms" within the Florida Department of Corrections. Specifically, he alleges that the officials place the holograms in his body cavities so that they can watch and monitor him. He concludes that his life may be in grave danger since he knows about these unethical sexual acts.

    Since Plaintiff is proceeding pro se and fears that his life is in grave danger, this Court will construe his letter as a Motion for Temporary Restraining Order and/or Motion for Preliminary

Injunction. Upon review of the record, this Court is of the opinion that injunctive relief is not warranted at this time.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam). The movant must clearly establish the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

As an initial matter, Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Further, Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c). Additionally, he did not prepare a proper proposed form of temporary restraining order and preliminary injunction in accordance with the requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.

Plaintiff's request for injunctive relief is due to be denied for the above-mentioned reasons. However, even assuming arguendo that Plaintiff properly filed his motion for injunctive relief, the motion must be denied. Plaintiff has failed to meet his burden of establishing that he has a substantial likelihood of success on the merits, that injunctive relief is necessary to prevent irreparable injury, that the threatened injury outweighs the harm that the requested injunctive relief would cause to the Defendants, and that the injunction would not be adverse to the public interest. Therefore, for all of the above-stated reasons, Plaintiff's request for injunctive relief will be denied.

Finally, Plaintiff has not filed a civil rights complaint form or an Affidavit of Indigency. If Plaintiff desires to initiate a civil rights action in this Court, he should complete and file the enclosed forms. Therefore, this case will be dismissed without prejudice to Plaintiff's right to refile on the proper forms.

As a precautionary measure, since Plaintiff has claimed that his life is in grave danger, this Court will direct the Clerk of Court to send a copy of this Order and the letter (Doc. #1) to the Superintendent of Florida State Prison for an investigation into these allegations, if deemed appropriate.

Accordingly, it is

**ORDERED:**

1. Plaintiff's letter, construed as a request for injunctive relief, is **DENIED**.

2. The Clerk of the Court shall send a copy of this Order and the letter (Doc. #1) to the Superintendent of Florida State Prison, Steven Singer, for an investigation into these allegations, if deemed appropriate.

3. The Clerk of the Court is directed to scan, electronically file and docket this Order. The docket should reflect that a copy of this Order and the letter was sent to the Superintendent of Florida State Prison.

4. This case is hereby dismissed **without prejudice** to Plaintiff's right to initiate a civil rights action by completing and filing the enclosed civil rights complaint form and Affidavit of Indigency.

5. The Clerk of the Court shall enter judgment dismissing this case without prejudice and shall close this case.

6. The **Clerk of Court** shall send a Civil Rights Complaint form, an Affidavit of Indigency form, and a Prisoner Consent Form and Financial Certificate to Plaintiff. In refiling, Plaintiff shall **either** file a fully completed Prisoner Consent Form and Financial Certificate (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to

proceed as a pauper). Plaintiff should not place this case number on the forms. The Clerk will assign a new case number if Plaintiff elects to refile his claims.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of April, 2010.

UNITED STATES DISTRICT JUDGE

sc 4/9
c:
Thiamond King
Steven Singer, FSP Superintendent